SUCCESSION OF MATHIAS WILL, on the opposition of B. C. ELLIOTT.

15  381
47 1374

When, by the contract of lease, the lessee undertakes to pay the taxes to be thereafter assessed upon the property leased, if he fails to do so, the lessor, having an interest, as owner, in discharging the debt, would, upon paying the same, become legally subrogated to the rights of the State or city against such lessee.

But where the lessor, thus legally subrogated, has failed to prosecute his rights, until, by the lapse of time, the privilege of the State or city has been lost, he would have no privilege, since he cannot claim a higher right than theirs.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*J. B. Cotton* and *A. Hiestand*, for plaintiffs.   *A. W. Jourdan*, for appellant.

DUFFEL, J.   The succession of *Mathias Will*, is insolvent, and under the administration of a syndic. The syndic having rendered an account of his administration, *B. C. Elliott* opposed the same, claiming to be classed therein as a creditor, by privilege, for the sum of $350, advanced and paid by him, for account of the deceased, for taxes on a certain propérty leased by the opponent to the said deceased, and which were to be paid by the lessee. The opponent produced in evidence, the contract of lease, wherein *Mathias Will* undertook to pay all the taxes to be thereafter assessed on the buildings which, under the contract, he stipulated to erect on the leased property; and in proof of the amount now claimed, the opponent exhibited a statement, showing the annual amount of taxes, State, Parish and City, charged to him from 1847 to 1857, both inclusive, say, $776 50, which was admitted to be a correct statement of the taxes paid by *Elliott*. The above statement includes the assessment of four slaves of the opponent, valued at $1700 each, of the lot of ground valued, without the improvements, at $3,000, and of the improvements, valued at $2000,—thus making a grand total of $11,800.

The improvements were not assessed to the opponent in 1856 and 1857, but the taxes of those two years were charged to the deceased; and we see that the succession is debited for taxes in the two accounts rendered by the syndic. Hence, we must deduct from $776 50, the taxes of 1856 and 1857, which amount to the sum of $141, thus leaving a balance of $635 50 paid on a capital of $11,800; making for the share chargeable to the succession, $108.

The opponent having, as owner, an interest in discharging the debt, a legal subrogation followed. C. C., Art. 2157. It will, however, be conceded, that the opponent, under said subrogation, cannot claim a higher right than the State and city could exercise; and it will result, as a natural consequence, that the city and State having, under the 43d section, Revised Statutes, p. 469, lost their privilege, even for the taxes of 1855, on the 1st of April, 1857, the opponent, who filed his opposition on the 10th of August, 1857, has none.

The District Judge rendered a judgment, by privilege, in favor of the opponent, for the sum of $310 60.

It appears from the proceedings in this cause, that the opponent died during the progress of the suit, and that the same was prosecuted in the name of his widow, *Malinda J. Shaw*, as the natural tutrix of the minor children of the deceased.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Dis-

SUCCESSION OF WILL.

trict Court be avoided; and it is now further ordered and decreed, that there be judgment in favor of the succession of *B. C. Elliott*, and against the succession of *Mathias Will*, for the sum of one hundred and eight dollars, and the costs of the lower court; and the syndic of the latter succession is hereby ordered to amend his account, by inserting therein the above sum of $108, as an ordinary claim, and by charging and paying the costs as privileged law charges, and that the account, amended as above, be homologated. The costs of the appeal are hereby ordered to be paid by the opponent.